**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

SEP 1 2 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

| | |
|---|---|
| THERESA M. TRAINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. **W07CA297** |
| | ) |
| OCWEN LOAN SERVICING, LLC, AS | ) |
| SUCCESSOR BY MERGER WITH | ) |
| OCWEN FEDERAL BANK, FSB, | ) |
| U.S. BANK, N.A., AS TRUSTEE, | ) |
| SUCCESSOR BY MERGER TO FIRSTAR | ) |
| BANK, N.A., AS TRUSTEE FOR NEW | ) |
| CENTURY HOME EQUITY LOAN | ) |
| TRUST, SERIES 2000-NC1, UNKNOWN | ) |
| HOLDERS AND/OR RESIDUAL | ) |
| INTEREST IN SECURITIZATION OF | ) |
| THE NEW CENTURY HOME EQUITY | ) |
| LOAN TRUST, SERIES 2000-NC1, | ) |
| KENNETH STRICKLAND, SUBSTITUTE | ) |
| TRUSTEE, and BAXTER & | ) |
| SCHWARTZ, P.C., | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Defendants Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank

FSB, ("Ocwen"), and U.S. Bank, N.A., as Trustee, successor by merger to Firstar Bank, N.A., as

Trustee for New Century Home Equity Loan Trust, Series 2000-NC1, ("U.S. Bank") respectfully

notify the Court pursuant to 28 U.S.C. § 1441 that they have this day removed this action from

the District Court of the State of Texas for Bell County to this Court. In support of their

removal, Ocwen and U.S. Bank submit this notice. Removal is based on the grounds that

diversity jurisdiction exists over this action because there is complete diversity between Plaintiff

and all relevant defendants and the amount in controversy exceeds $75,000. Removal is also

based on the grounds that federal question jurisdiction exists over this action because it involves claims that necessitate the resolution of substantial, disputed questions of federal law.

<u>BACKGROUND</u>

1.     This action was originally filed as Cause No. 224763C in the 169th Judicial District Court of Bell County, Texas on August 3, 2007.  A copy of the Docket Sheet from Cause No. 224763C in the 169th Judicial District Court of Bell County, Texas is attached hereto as Exhibit A.  True and correct copies of all pleadings filed in the state court are attached hereto as Exhibits B-1 through B-4.

2.     Ocwen was served on August 13, 2007.  Baxter & Schwartz, P.C. ("Baxter & Schwartz") was served on August 23, 2007.  U.S. Bank and Kenneth Strickland have not yet been served.  This removal is therefore timely because it has been filed within 30 days of service as required by 28 U.S.C. § 1446(b).

3.     All defendants that have been served consent to removal of this action to federal court.  (*See* Baxter & Schwartz Consent to Removal (attached at Exh. C).)  Because Kenneth Strickland has not yet been served, his consent to removal is not necessary.  *See McCrary v. Kansas City Southern R.R.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. 2000) ("Simply put, a defendant who has not been properly served need not consent to the notice of removal.")

4.     Plaintiff's complaint alleges a variety of claims relating to Ocwen's servicing of and eventual foreclosure on plaintiff's mortgage loans.  (*See, e.g.*, Compl. ¶¶ 16-19.)  This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332 and the federal question jurisdiction conferred by 28 U.S.C. § 1331.  Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

## DIVERSITY JURISDICTION

5.      Federal diversity jurisdiction exists over this removed action pursuant to 28

U.S.C. § 1332 because all relevant parties are diverse and the amount in controversy exceeds

$75,000.

## THERE IS COMPLETE DIVERSITY AMONG ALL PARTIES

6.      There is diversity of citizenship among all relevant parties.  Plaintiff Theresa M.

Traina is a citizen of Texas.  (*See* Compl. ¶ 2.)

7.      Ocwen is a citizen of Florida.  As of June 30, 2005, Ocwen Federal Bank FSB

voluntarily dissolved, and its mortgage servicing business was transferred to Ocwen Loan

Servicing, LLC.  (*See* Declaration of Chomie Neil ("Neil Decl.") ¶ 2 (attached at Exh. D).)

Ocwen Loan Servicing, LLC is a limited liability company.  For diversity purposes, "several

district courts within the Fifth Circuit have determined the citizenship of a limited liability

company by looking to the citizenship of its members." *Blanchard v. Wal-Mart Stores Tex., L.P.*

368 F. Supp. 2d 621, 625 (E.D. Tex. 2005) (explaining that the majority of federal appellate

courts determine citizenship of limited liability companies in the same manner); *see also Rolling*

*Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).  The

sole member of Ocwen Loan Servicing, LLC is Ocwen Financial Corporation, which is a citizen

of Florida.  (*See* Neil Decl. ¶ 3.)

8.      U.S. Bank is a national banking association incorporated under the laws of the

United States.  U.S. Bank's main office, as designated in its articles of association, is located in

Ohio and its principal place of business is in Minnesota.  National banking associations are

"deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  "[T]he

definition of 'located' is limited to the national bank's principal place of business and the state

listed in its organization certificate and its articles of association." *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004); *see also Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). U.S. Bank is therefore a citizen of Ohio and Minnesota for purposes of diversity jurisdiction.

       9.     While defendants Kenneth Strickland and Baxter & Schwartz (collectively "the Substitute Trustees") are citizens of Texas, their citizenship is not relevant for purposes of assessing diversity because the complaint reveals that Plaintiff's claims against the Substitute Trustees are based solely on their status as agents for Ocwen and because they have been fraudulently joined in this action.

       10.    In the complaint, Plaintiff alleges that Kenneth Strickland and Baxter & Schwartz acted as substitute trustees in connection with the foreclosure sale of Plaintiff's home. (Compl. ¶ 8.) [1]

       11.    "[I]t is commonly understood that attorneys are agents of their clients," *see Martin v. State*, 1999 Tex. App. LEXIS 1354 (Tex. App. Feb. 26, 1999), and foreclosure trustees are also regarded as agents. *See Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App. 1996).

       12.    Plaintiff acknowledges that the citizenship of persons sued in their capacity as agents for a disclosed principal is disregarded for purposes of assessing diversity of citizenship. (*See* Compl. ¶ 8.) Courts have held that where both a principal and its agents are named as defendants, only the citizenship of the principal is considered in assessing diversity of citizenship. *See e.g., Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency*, 149 F.3d 794, 796

---

[1]    In a case involving similar claims against Ocwen filed and prosecuted by the same counsel, plaintiff included the foreclosure substitute trustees among the defendants. *Davis v. Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (District Court of Galveston County, Texas). At trial, however, it became clear that the plaintiff did not actually intend to seek relief against the substitute trustees. (*See* Trial Transcript at 61 (attached at Exh. E) ("Mr. Hilliard … just told you that my clients [the substitute trustees] did nothing in this case. I'm not about to argue with that.")

(8th Cir. 1998) (holding that for diversity purposes, "the citizenship of an agent ... must be ignored"); *Airlines Reporting Corp. v. S&N Travel*, 58 F.3d 857, 862 (2d Cir. 1995) (same); *Littleton v. American Bankers Life Ins. Co. of Florida*, 289 F. Supp. 2d 776, 781 (S.D. Miss. 2003) (to same effect); *Ross v. First Family Finance Serv., Inc.*, 2002 U.S. Dist. LEXIS, at *10-11 (N.D. Miss. Aug. 26, 2002) (same).

13.     In an effort to avoid diversity jurisdiction, Plaintiff has attempted to obscure the status of the Texas substitute trustee defendants by alleging that they "are not sued solely in their capacity as agents of Ocwen, but, rather, are also sued in their individual, rather than representative, capacities as substitute trustees with regard to the wrongful foreclosure." (*See* Compl. ¶ 8.) Yet, by definition, a trustee *is* an agent, holding property "in trust *for the benefit of another.*" Black's Law Dictionary (8th ed. 2004) (emphasis added). Merely injecting the term "individual capacity" into the complaint does not eliminate the agency relationship that exists as a matter of law between the substitute trustee defendants and Ocwen. Because the Substitute Trustee defendants are inescapably and by operation of law the agents of Ocwen, and have no other legal connection to Plaintiff's mortgage loan whatever, the citizenship of the Substitute Trustee defendants is irrelevant for purposes of assessing diversity jurisdiction.

14.     Removal is also proper on the independent ground that the Substitute Trustees are improperly joined and their citizenship should be disregarded for diversity purposes. Texas law provides that substitute trustees may not be proper parties in an action challenging the propriety of mortgage foreclosures. *See* Tex. Property Code Ann. § 51.007(a) (2005). Again, Plaintiff has attempted to avoid diversity jurisdiction by alleging that the Substitute Trustees had an "independent duty ... to act with complete impartiality with regard to any foreclosure." (Compl. ¶ 8.) Plaintiff argues that the existence of such a duty provides a basis for liability against the

Substitute Trustees. (*Id.*) However, that contention is belied by Plaintiff's complaint, which asserts no claim to which the duty of impartiality or breach thereof could be relevant. Because it is plain that the allegations relating to the Substitute Trustees asserted in Plaintiff's complaint do not support a cause of action against them, the Substitute Trustees have been improperly joined and their citizenship must be disregarded. *Guillory v. PPG Indus.*, 434 F.3d 303, 308, 313 (5th Cir. 2005); *cf. Crockett v. R. J. Reynolds Tobacco Co.*, 2006 U.S. App. LEXIS 1390 *7-9 (5th Cir. Jan. 13, 2006).

15.     There is complete diversity between the plaintiff and all relevant defendants in this matter. Plaintiff is a citizen of Texas. Ocwen is a citizen of Florida and U.S. Bank is a citizen of Ohio and Minnesota. Because the citizenship of Kenneth Strickland and Baxter & Schwartz must be disregarded for jurisdictional purposes, there is complete diversity among the relevant parties. *See* 28 U.S.C. § 1332(a)(1).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16.     Plaintiff's complaint also meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

17.     In the complaint, Plaintiff asserts eight causes of action against the defendants, including intentional tort claims for intentional infliction of emotional distress and violations of Texas debt collection laws. (*See* Compl. Counts A-H.) She contends, among other things, that Ocwen wrongfully instituted foreclosure proceedings against her; demanded more than was actually due to avoid foreclosure; failed to accept payments and pretended that lack of payment was a default; and harassed her concerning payment of sums she did not owe. (*See* Compl. ¶¶ 21, 24, 31.) For these alleged wrongs (which Ocwen emphatically denies), Plaintiff seeks an unlimited amount of compensatory and punitive damages.

18.     Where, as here, a plaintiff seeks recovery of an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). This burden may be met if "it is facially apparent" from the complaint that the plaintiff's claims "are likely" to exceed $75,000, exclusive of interest and costs. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The determination of whether jurisdiction is "facially apparent" is "left in part to the court's intuition and common sense." *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593, 595 (E.D. Tex. 1996). Where jurisdiction is not "facially apparent," the removing defendant may use "summary judgment-type evidence" to establish that the amount in controversy exceeds $75,000. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). Jury verdicts in similar cases constitute competent evidence that the jurisdictional amount requirement has been met. *See, e.g., Amos v. Citifinancial, Inc.*, 243 F. Supp. 2d 587, 590-91 (N.D. Miss. 2003) (denying motion to remand and noting that "cases involving consumer loan disputes in Mississippi have resulted in jury verdicts for punitive damages in the millions").

19.     While Plaintiff's complaint does not specify an amount of requested damages, it nonetheless is facially apparent that the damages claimed exceed the $75,000 jurisdictional threshold. In a case involving similar claims against Ocwen recently tried to verdict, the total jury award (even after application of statutory damages caps) exceeded $1 million. *See Davis v. Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (District Court of Galveston County, Texas). For jurisdictional purposes, the amount in controversy includes punitive damages. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998). Other jury verdicts in Texas relating to consumer loan disputes have resulted in punitive damages awards far exceeding

the jurisdictional minimum. *See, e.g., Garcia v. W.M.C. Mortgage Co.,* No. 2000-CI-90121, 73rd District of Bexar County, Texas (jury awarded $460,000 in punitive damages for violations of the Deceptive Trade Practices Act and the Truth in Lending Act relating to Plaintiff's home mortgage loan); *Home Loan Corp. v. Thompson,* No. 2001-46491, 215th Judicial District, Harris County, Texas (jury awarded $550,000 in punitive damages for fraud and contract claims relating to plaintiff's home mortgage loan); *Moreno v. Kleberg First National Bank of Kingsville,* 105th District of Kleberg County, Texas (jury verdict included $2 million in punitive damages against bank for fraud claims and threats of foreclosure relating to plaintiff's home mortgage loan); *Brown v. Spencer Mortgage & Investments,* No. DV-99-02185-C, 68th Judicial District of Dallas County, Texas (bench trial award of $343,332 for mental anguish for fraud claims relating to refinance and wrongful foreclosure of plaintiff's home). Ocwen categorically denies that Plaintiff is entitled to an award of damages in any amount whatever, but there can be no question that Plaintiff's complaint places an amount in controversy that significantly exceeds $75,000.

20.     In addition to damages, Plaintiff claims a statutory entitlement to attorneys' fees. (Compl. ¶ 43.) Attorneys' fees claimed under a statutory provision are included as part of the amount in controversy. *See Graham v. Henegar,* 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199 (1933)). In Plaintiff's counsel's recent similar case against Ocwen, counsel argued for an award of attorney's fees totaling $2,760,525, and the jury returned a verdict that included attorneys' fees in the hundreds of thousands of dollars. *Davis v. Ocwen Federal Bank FSB,* et al., No. 04-CV-1469 (District Court of Galveston County, Texas). Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum. *See, e.g., Moreno v. Kleberg First National Bank of Kingsville,* 105th District of

Kleberg County, Texas (jury verdict included $570,000 in attorneys' fees against bank for fraud claims and threats of foreclosure relating to plaintiff's home mortgage loan). Given the complexity of Plaintiff's allegations, the likelihood of significant motion practice (including motions to dismiss, summary judgment motions, and others), and the presence of multiple defendants, Plaintiff's attorneys' fee claim alone places in controversy an amount that exceeds $75,000. For this independent reason, it is facially apparent from the complaint that Plaintiff's claims exceed the jurisdictional threshold.

### FEDERAL QUESTION JURISDICTION

21. Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims the resolution of which will necessitate adjudication of substantial, disputed questions of federal law.

22. Even where a particular claim does not arise directly under federal law and is not completely preempted, it is removable to federal court if it depends on the resolution of substantial predicate questions of federal law. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 125 S. Ct. 2363, 2367 (2005). Federal question jurisdiction exists because Plaintiff's claims depend on the determination of Plaintiff's rights and defendants' duties, if any, under federal law.

23. Plaintiff alleges that the Ocwen defendants "fail[ed] to provide Plaintiff timely and clear information about the timing and amount of payments owed." (Compl. ¶ 21(b).) The duty of creditors to disclose the "number, amount, and due dates or period of payments scheduled to repay the total of payments" is created by the federal Truth-in-Lending Act ("TILA"). *See* 15 U.S.C. § 1638(a). Plaintiff's claim that this duty was breached thus depends on the existence, scope, and breach of the defendants' duty, if any, under TILA. *See Gandy v.*

9

*The Peoples Bank and Trust Co.*, 1998 U.S. Dist. LEXIS 11410, at *11 (S.D. Miss. 1998) (denying remand because "to vindicate plaintiff's putative state law claims, this court must necessarily construe the TILA"); *see also In re Ocwen Federal Bank Mort. Serv. Litig*, 1:02cv06818, slip op. at 2 (N.D. Ill. Aug 22, 2005) (denying remand because allegations that Ocwen failed to disclose fees raised substantial federal question regarding the scope of its disclosure duties under TILA).

24.     In the complaint, Plaintiff alleges that Ocwen "demand[ed] more than is actually due to avoid foreclosure." (Compl. ¶ 21(g).) The duty not to falsely represent the "the character, amount, or legal status of any debt" is created by the federal Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692e(2). Plaintiff's claim that this duty was breached thus depends on the existence, scope, and breach of defendants' duties, if any, under FDCPA.

25.     Plaintiff alleges that Ocwen failed to "verify the debt on the request of Plaintiff;" provided "inconsistent accounting information on the amount of the debt;" and "generally fail[ed] to cooperate in allowing Plaintiff to refinance and sell her home." (Compl. ¶ 33.) The federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, creates a "[d]uty of [a] loan servicer to respond to borrower inquiries." 12 U.S.C. § 2605(e). Under RESPA, after receipt of a borrower's inquiry, the loan servicer is required to provide a written explanation or clarification of the information requested. *See id.* Plaintiff's claim that this duty was breached thus depends on the existence, scope, and breach of Defendants' duties, if any, under RESPA.

26.     In these and other respects, the claims asserted in Plaintiff's complaint necessitate the resolution of substantial, disputed questions of federal law sufficient to confer federal subject-matter jurisdiction on this Court.

27.     Plaintiff's putative disclaimer of "rights and causes of action under any federal law" cannot affect the removability of this action because, as federal courts have consistently held, even causes of action pled entirely under state law are removable if the right to relief under state law will necessarily involve the resolution of a substantial question of federal law. *E.g.* *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (finding jurisdiction under substantial federal question doctrine based on "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law").

### VENUE

28.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the District Court of the State of Texas for Bell County, the forum in which the removed action was pending.

### NOTICE

29.     Concurrently with the filing of this Notice, Ocwen will file a copy of this Notice of Removal in Cause No. 224763C in the 169th Judicial District Court of Bell County, Texas.

30.     The contents of Exhibit B constitute the entire file of Cause No. 224763C in the 169th Judicial District Court of Bell County, Texas.

Dated:  September 11, 2007

Respectfully submitted,

By: *Mark D. Cronenwett* W7

**MARK D. CRONENWETT** *perm. by LS*
Texas Bar No. 00787303
Lead Attorney
Admitted in the Western District

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2151
(214) 672-2351 (Fax)

    **LINDSAY L. STANSBERRY**
    Texas Bar No. 24041968
    Admitted in the Western District

**COWLES & THOMPSON, P.C.**
100 E. Ferguson, Ste. 1202
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

ATTORNEYS FOR DEFENDANTS
OCWEN LOAN SERVICING, LLC, SUCCESSOR
IN INTEREST TO OCWEN FEDERAL BANK
FSB, U.S. BANK, N.A., AS TRUSTEE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Notice of Removal was served by certified mail, return receipt requested, on this the 11th day of September, 2007 on the following:

William H. Oliver, Esq.
Pipkin, Oliver & Bradley, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209

Robert C. Hilliard, Esq.
Hilliard & Munoz, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401

Edward M. Carstarphen, Esq.
Ellis, Carstarphen, Dougherty & Coldenthal, P.C.
5847 San Felipe, Suite 1900
Houston, Texas 77057

Don Schwartz
Schwartz & Kalinowski, LLP
1821 Mons Street
Rosenberg, TX 77471

**LINDSAY L. STANSBERRY**

**List of All Known Counsel of Record**

For Plaintiff Theresa M. Traina

William H. Oliver, Esq.
Pipkin, Oliver & Bradley, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209
210.820.0082 (Phone)
210.820.0077 (Fax)

Robert C. Hilliard, Esq.
Hilliard & Munoz, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
361.882.1612 (Phone)
361.882.3015 (Fax)

Edward M. Carstarphen, Esq.
Ellis, Carstarphen, Dougherty & Coldenthal, P.C.
5847 San Felipe, Suite 1900
Houston, Texas 77057
713.647.6800 (Phone)
713.647.6884 (Fax)

For Defendant Ocwen Loan Servicing, LLC, Successor in Interest to Ocwen Federal Bank FSB
("Ocwen")

Mark D. Cronenwett,
Lead Attorney
COWLES & THOMPSON, PC
901 Main St., Suite 4000
Dallas, TX 75202
214.672.2000 (Phone)
214.672.2020 (Fax)

Lindsay L. Stansberry
COWLES & THOMPSON, PC
100 E. Ferguson, Ste. 1202
Tyler, TX 75702
903.596.9000 (Phone)
903.596.9005 (Fax)

For Defendants Baxter & Schwartz, P.C.

Don Schwartz
Schwartz & Kalinowski, LLP
 1821 Mons Street
Rosenberg, TX 77471
281.342.2808

## INDEX OF DOCUMENTS ATTACHED

Exhibit A  Certified Copy of the Docket Sheet for Cause No. 224763C in the 169th Judicial District Court of Bell County, Texas;

Exhibit B  Pleadings in Cause No. 224763C in the 169th Judicial District Court of Bell County, Texas;

   B-1  Plaintiff's Original Petition and Request for Disclosure, filed August 3, 2007 ;

   B-2  Special Exceptions and Original Answer of Ocwen Loan Servicing, LLC, Successor in Interest to Ocwen Federal Bank, FSB , U.S. Bank, N.A., as trustee, filed August 31, 2007 (file-marked September 5, 2007);

   B-3  Defendant Baxter & Schwartz, P.C.'s Motion to Transfer Venue, filed September 6, 2007;

   B-4  Special Exceptions and Original Answer of Baxter & Schwartz, P.C., filed September 6, 2007;

Exhibit C  Notice of Citizenship and Consent to Removal by Baxter & Schwartz, P.C.;

Exhibit D  Declaration of Chomie Neil; and

Exhibit E  Trial Transcript excerpt, Cause No. 04CV1469 in the 212th Judicial District Court for Galveston County, Texas.

# EXHIBIT A

# CIVIL JUDGES DOCKET

bdc_dockt1

Date Filed  08-03-07

JD

| Cause Number | Style of Case | Type of Case |
|---|---|---|
| **224763 - 0   Court 169** | | breach of Contra |

**vs**

THERESA M. TRAINA,

WILLIAM H. OLIVER,EDWARD M. CARSTAR

OCWEN LOAN SERVICING LLC
Succe OCWEN FEDERAL BAND FSB U.S. BANK N.A.
Trust NEW CENTURY HOME EQUITY LOAN TRUST SERIES 2000-NC1
UNKNOWN HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST

| Date of Orders | Orders of Court | |
|---|---|---|
| Plaintiff | THERESA M. TRAINA, | |
| Defendant | OCWEN LOAN SERVICING LLC, | |
| | Succe OCWEN FEDERAL BAND FSB U.S. BANK N.A., | |
| | Trust NEW CENTURY HOME EQUITY LOAN TRUST SERIES 20 | |
| Defendant | UNKNOWN HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST, | 1. |
| Defendant | KENNETH STRICKLAND, | |
| Defendant | BAXTER & SCHWARTZ P.C., | |
| Defendant | U.S. BANK, N.A., | |
| | Trust  BANK N.A. SUCCESSOR BY MERGER TO FIRSTAR, | |
| 08-03-07 | FILE PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR | WILLIAM H. OLIVER,EDWARD M. |
| | DISCLOSURE BY OLIVER, CARSTARPHEN, HILLIARD | |

224763

# EXHIBIT B-1

COPY
FILED

CAUSE NO. 224763C

2007 AUG -3 AM 9: 02

| | | |
|---|---|---|
| THERESA M. TRAINA,<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| OCWEN LOAN SERVICING, LLC, AS<br>SUCCESSOR BY MERGER WITH<br>OCWEN FEDERAL BANK, FSB, U.S.<br>BANK, N.A., AS TRUSTEE,<br>SUCCESSOR BY MERGER TO<br>FIRSTAR BANK, N.A., AS TRUSTEE<br>FOR NEW CENTURY HOME EQUITY<br>LOAN TRUST, SERIES 2000-NC1,<br>UNKNOWN HOLDERS AND/OR<br>OWNERS OF RESIDUAL INTEREST<br>IN SECURITIZATION OF THE NEW<br>CENTURY HOME EQUITY LOAN<br>TRUST, SERIES 2000-NC1, KENNETH<br>STRICKLAND, SUBSTITUTE<br>TRUSTEE, and BAXTER &<br>SCHWARTZ, P.C.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | OF BELL COUNTY, TEXAS<br><br><br><br><br><br><br><br><br><br>146 JUDICIAL DISTRICT |

SHELIA NORMAN
DISTRICT COURT
BELL COUNTY, TX
BY_____DEPUTY

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Theresa M. Traina (herein referred to as "Plaintiff"), Plaintiff herein, and

files this, her Original Petition complaining of OCWEN LOAN SERVICING, LLC, AS

SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, U.S. BANK, N.A., AS

TRUSTEE, SUCCESSOR BY MERGER TO FIRSTAR BANK, N.A., AS TRUSTEE FOR NEW

CENTURY HOME EQUITY LOAN TRUST, SERIES 2000-NC1, KENNETH STRICKLAND,

SUBSTITUTE TRUSTEE, and BAXTER & SCHWARTZ, P.C. (hereinafter collectively referred to

as "Defendants") and would show the Court as follows:

# I.
## DISCOVERY CONTROL PLAN

1.      The nature of this cause is such that discovery should be conducted under Discovery

Control Plan – Level 2, pursuant to Tex.R.Civ.P. 190.2.

# II.
## PARTIES

2.      Plaintiff Theresa M. Traina is an individual who resides in Bell County, Texas.

3.      Defendant OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER

WITH OCWEN FEDERAL BANK, FSB, (Ocwen Loan Servicing, LLC, as Successor by Merger

with Ocwen Federal Bank, FSB, is referred to herein as "Ocwen") is, upon information and belief, a

Delaware limited liability company.  Ocwen Loan Servicing, LLC's principal place of business is

located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.  Ocwen Loan

Servicing, LLC may be served with process in this lawsuit by serving its registered agent,

Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos

Street, Suite 1050, Austin, Texas 78701.

4.      Defendant U.S. BANK, N.A., AS TRUSTEE, SUCCESSOR BY MERGER TO

FIRSTAR BANK, N.A., AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST,

SERIES 2001-NC1 ("U.S. Bank, N.A."), is a foreign corporate fiduciary, with a principal place of

business located at 800 Nicollet Mall, Minneapolis, Minnesota 55402.  U.S. Bank, N.A. may be

served with process in this lawsuit by serving its registered agent, CT Corporation System, 1021

Main Street, Suite 1150, Houston, Texas 77002.

5.      Defendants UNKNOWN HOLDERS AND/OR OWNERS OF RESIDUAL

INTEREST IN SECURITIZATION OF THE NEW CENTURY HOME EQUITY LOAN TRUST,

SERIES 2000-NC1 ("Unknown Holders") are, upon information and belief, those individuals and/or

---

**PLAINTIFF'S ORIGINAL PETITION AND**
**REQUEST FOR DISCLOSURE**                                                      **PAGE 2**

entities that own or hold the residual interest in the securitization of the mortgage loans that include the mortgage loan of Plaintiff. The current identity and location of these individuals and/or entities are presently unknown; however, Plaintiff expects this information to be disclosed during discovery.

6. Defendant KENNETH STRICKLAND is, upon information and belief, a Texas resident who may be served with citation in this action by serving him at his place of employment, Baxter & Schwartz, P.C., 5450 NW Central, Suite 307, Houston, Texas 77092, or wherever else he may be found.

7. Defendant BAXTER & SCHWARTZ, P.C. is a law firm and professional corporation duly existing under the laws of the State of Texas, with its principal place of business located at 5450 NW Central, Suite 307, Houston, Texas 77092. Defendant Baxter & Schwartz, P.C. can be served with citation by serving its registered agent and president, Christopher K. Baxter, at 5450 NW Central, Suite 307, Houston, Texas 77092.

## III.
### No Diversity Jurisdiction

8. Defendants Kenneth Strickland and Baxter & Schwartz, P.C. are not sued solely in their capacity as agents of Ocwen, but, rather, are also sued in their individual, rather than representative, capacities as substitute trustees with regard to the wrongful foreclosure of Plaintiff's home. Because of the independent duty of substitute trustees to act with complete impartiality with regard to any foreclosure, any claims against such Defendants provide an independent basis of liability against them that is separate and distinct from any liability arising from their status as agents of Ocwen. The Texas residence of these independently culpable substitute trustee Defendants therefore precludes any attempted removal of this case to federal court based upon alleged diversity jurisdiction.

---

**PLAINTIFF'S ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**

### No Federal Subject Matter Jurisdiction

9.     Plaintiff expressly disclaims any rights and causes of action under any federal law,

choosing instead to base all claims and causes of action entirely on the common law and statutes of

the State of Texas.

### No Claims Related to Claims in Multi-District Litigation; No Class Actions

10.     Plaintiff does not assert that any fees, charges, insurance placements, notices, or

forbearance agreements are, in and of themselves, illegal.  Plaintiff's suit does not seek to alter or

supplement the federal regulatory scheme applicable to Defendants.  Instead, Plaintiff claims that,

with regard to her, Defendants acted with wrongful and evil intent to accomplish a wrongful

foreclosure.  The claims in this suit are therefore based only on the common law and statutes of the

State of Texas as applied to the facts of this particular Plaintiff's case.

### Jurisdiction and Venue

11.     This Court has jurisdiction over Defendants Ocwen and U.S. Bank, N.A. by virtue of

the fact that they own property in the State of Texas, and/or do business in the State of Texas,

including owning and servicing of loans, which necessarily involves contracting with Texas residents

by mail or otherwise when at least one of the parties is to perform the contract in Texas.  Further,

Ocwen has committed the torts as set forth herein below in whole or in part in Texas.

12.     Defendant Kenneth Strickland is a resident of the State of Texas and, therefore, subject

to personal jurisdiction.  Defendant Baxter & Schwartz, P.C. is a law firm existing under the laws of

the State of Texas, with its headquarters in Texas and does business in Texas, and is therefore

subject to personal jurisdiction.

13.     Venue is mandatory in Bell County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §

15.011 as the suit involves recovery of real property and removal of encumbrances on real property

---

**PLAINTIFF'S ORIGINAL PETITION AND**
**REQUEST FOR DISCLOSURE**                                                                  **PAGE 4**

located in Bell County, Texas. Venue is proper pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), as Bell County, Texas, is where all or a substantial part of the events or omissions occurred, including the attempted wrongful foreclosure described below. Venue is also proper as to all of the Defendants under Tex. Civ. Prac. & Rem. Code § 15.005, as the claims or actions against each of them arose out of the same transaction or occurrence, or series of transactions or occurrences.

### The Discovery Rule, Fraudulent Concealment, and Continuous Tort

14.     Plaintiff pleads the discovery rule specifically in response to, and as an affirmative defense to, any such pleas of statute of limitations as may be made. Plaintiff alleges and asserts that she neither discovered, nor through reasonable diligence should have discovered, the claims or facts underlying her claims within any applicable limitations period, if any.

15.     In addition, Plaintiff pleads the affirmative defenses of fraudulent concealment and continuous tort to any such pleas of statute of limitations as may be made. Defendants' fraudulent concealment and continuous torts defer the accrual period, if any, of Plaintiff's causes of action.

### IV.
### Statement of Facts

16.     Ocwen is in the business of servicing mortgages and loans, which in general includes collecting mortgage and loan payments on behalf of mortgage and loan holders. In reality, however, Ocwen's intent is to wrongfully place mortgages and loans into default so that the properties which secure those mortgages and loans can be wrongfully foreclosed. Ocwen's practices include paying financial incentives to its staff of loan collectors for moving properties with equity into foreclosure. Ocwen also fails to give borrowers credit for payments as and when they are made. Plaintiff has been the victim of Ocwen's wrongful conduct.

17.     Plaintiff's home at 2105 Delwin Circle, Killeen, Bell County, Texas 76541 (the "Property") was wrongfully foreclosed upon by Defendants without just, legal or equitable cause. Defendants' conduct with regard to the wrongful foreclosure of Plaintiff's home was extreme and outrageous, and a violation of the following statutes and/or constitutes a basis for the following claims.

18.     Defendants Kenneth Strickland and Baxter & Schwartz, P.C., acted as Substitute Trustees in connection with the wrongful foreclosure of Plaintiff's home and, in doing so, breached the independent duty of substitute trustees to act with complete impartiality with regard to a foreclosure.

19.     U.S. Bank, N.A. purchased Plaintiff's home at the foreclosure sale for grossly less than its market value, thereby depriving Plaintiff of the equity that she had built in her home. Upon information and belief, U. S. Bank, N.A. and Unknown Holders reaped the equity wrongfully taken from Plaintiff.

## V.
## Causes of Action

### A.     Wrongful Foreclosure and Declaratory Action

20.     Plaintiff re-alleges each of the allegations in paragraphs 1 through 20.

21.     Defendants committed a wrongful foreclosure by virtue of one or more of the following wrongful acts:

  (a)     failing to accept payments and pretending that a lack of payment was a default;

  (b)     failing to provide Plaintiff timely and clear information about the timing and amount of payments owed;

  (c)     misapplying payments received;

---

**PLAINTIFF'S ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**                                    **PAGE 6**

    (d)     failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

    (e)     continuing with efforts to foreclose and evict Plaintiff despite the fact that Plaintiff has been wrongfully prevented from curing the claimed defaults;

    (f)     continuing efforts to foreclose and evict Plaintiff despite the fact that Plaintiff has attempted to refinance and pay off the debt but has been prevented from refinancing and paying off the claimed debt; and

    (g)     demanding more than is actually due to avoid foreclosure.

22.     There is no legal or rightful basis for these acts of Defendants in connection with the wrongful foreclosure of Plaintiff's home. In addition to actual and punitive damages, Plaintiff seeks a declaratory judgment that the foreclosure was wrongful, of no effect and void and that the property properly and legally lies with Plaintiff.

### B.    Breach of Contract

23.     Plaintiff re-alleges each of the allegations of paragraphs 1 through 22.

24.     Defendants have committed a breach of contract by virtue of one or more of the following actions:

    (a)     failing to accept payments and pretending that a lack of payment was a default;

    (b)     failing to provide Plaintiff timely and clear information about the timing and amount of payments owed;

    (c)     misapplying payments received;

    (d)     failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

    (e)     continuing with efforts to foreclose and evict Plaintiff despite the fact that Plaintiff has cured the claimed defaults, and/or been wrongfully prevented from curing the claimed defaults;

    (f)      continuing efforts to foreclose and evict Plaintiff despite the fact that Plaintiff has attempted to refinance and pay off the debt but has been prevented from refinancing and paying off the claimed debt; and

    (g)      demanding more than is actually due to avoid foreclosure.

25.    Plaintiff seeks actual damages, interest, and attorneys' fees caused by the breach of contract alleged herein.

### C.    Negligence and Gross Negligence

26.    Plaintiff re-alleges each of the allegations in paragraphs 1 through 26.

27.    Ocwen owed a duty of care to Plaintiff to adequately train and supervise its staff of loan collectors and servicing agents in the proper and legal servicing of mortgages, such as the mortgage owed by Plaintiff. Ocwen breached its duty to Plaintiff by (1) failing to adequately train and/or supervise its staff of loan collectors and servicing agents in the servicing of Plaintiff's mortgage by allowing the wrongful foreclosure of Plaintiff's home, and (2) providing financial incentives to those collectors and agents for moving properties, including Plaintiff's home, into foreclosure.

28.    Ocwen's negligence has proximately caused harm to Plaintiff's credit and actual damages for which Plaintiff seeks recovery.

29.    In addition, Ocwen's conduct and neglect was in such complete disregard for Plaintiff's credit history and rights in her property as to amount to malice and gross negligence for which Plaintiff seeks to recover punitive damages.

### D.    Intentional Infliction of Emotional Distress

30.    Plaintiff re-alleges each of the allegations in paragraphs 1 through 29.

31.    Ocwen's intentional and/or reckless actions reflect its sinister desire to confuse and, if necessary, intimidate Plaintiff in an effort to cause the wrongful foreclosure of Plaintiff's home, and

---

for Plaintiff ultimately to lose her home. Ocwen's actions have been and continue to be extreme and outrageous, with a complete disregard for Plaintiff's rights, and have been carried out with the knowledge and sinister desire to sell Plaintiff's home covertly through a wrongful and illegal foreclosure. Ocwen's actions have caused severe emotional distress to Plaintiff, including embarrassment, fear, humiliation, and unnecessary and excessive worry.

### E. Unreasonable Debt Collection Practices Under Texas Common Law

32. Plaintiff re-alleges the allegations of paragraphs 1 through 31.

33. The actions of Ocwen in failing properly to account for Plaintiff's payments, failing to verify the debt on the request of Plaintiff, posting for foreclosure when Plaintiff was trying to pay off the debt, preventing Plaintiff from curing the claimed default, giving inconsistent accounting information on the amount of the debt, and generally failing to cooperate in allowing Plaintiff to refinance or sell her home, and therefore pay off her mortgage loan, constitute unreasonable debt collection practices under the common law of the State of Texas. Further, Plaintiff has suffered the emotional stress that naturally flows from a situation where a mortgage servicing company steps out of its role of servicing and tries to take a home wrongfully.

### F. Violations of the Texas Debt Collection Practices Act

34. Plaintiff re-alleges the allegations of paragraphs 1 through 33.

35. Ocwen is a debt collector for purposes of the Texas Debt Collection Practices Act ("TDCPA"). Its conduct violates the TDCPA. Its violation of the TDCPA entitles Plaintiff to actual damages and attorneys' fees under TDCPA §392.403.

### G. Breach of Fiduciary Duty

36. Plaintiff re-alleges each of the allegations in paragraphs 1 through 35.

---

37.     Ocwen, as a servicing agent, stands in a fiduciary capacity with respect to Plaintiff's monthly payments and credits on Plaintiff's mortgage, escrow account, loan, insurance premiums and other related obligations. Ocwen has breached this duty for the numerous reasons stated above. Ocwen's conduct has caused Plaintiff's damages for which Plaintiff seeks to recover damages.

### H.     Request for Declaratory Judgment

38.     Plaintiff re-alleges each of the allegations in paragraphs 1 through 37.

39.     Plaintiff requests a declaration as to the true amount, if any, owed by Plaintiff to U.S. Bank, N.A., or any other party, in connection with any note or deed of trust executed by Plaintiff for the purchase of her home, and a declaration as to the amount U.S. Bank, N.A., or any other party should be required to reimburse, refund, or credit Plaintiff for fees and expenses wrongfully charged to Plaintiff's mortgage.

### I.     Punitive Damages

40.     Plaintiff re-alleges each of the allegations in paragraphs 1 through 39.

41.     The harm to Plaintiff was the result of Defendants' conduct, which was fraudulent, malicious, intentional, or, at a minimum, grossly negligent. For this, as well as Defendants' extreme and outrageous conduct, and misconduct with respect to fiduciary property, Plaintiff seeks to recover punitive damages from Defendants in excess of any statutory limit. In support for exceeding any applicable limits, Plaintiff will show that Defendants' acts constitute one or more felonies as set forth in Texas Civil Practice & Remedies Code § 41.008. All of these violations of the penal code were done knowingly and intentionally by Defendants to take advantage of Plaintiff and enrich Defendants.

### J.     Attorneys' Fees

42.     Plaintiff re-alleges the allegations of paragraphs 1 through 41.

---

**PLAINTIFF'S ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**                                          **PAGE 10**

43. Plaintiff has been required to employ counsel to represent her interests as a direct result of Defendants' wrongful conduct. Plaintiff employed the undersigned attorneys and Plaintiff is obligated to pay, and seek the recovery of, the attorneys' reasonable fees for the services rendered on Plaintiff's behalf. Plaintiff has made demand on Defendants to cease this conduct, but to no avail.

### K.  Conditions Precedent

44. Plaintiff re-alleges the allegations of paragraphs 1 through 43.

45. All conditions precedent to recover on each of the causes of action alleged have occurred.

### L.  Demand for Jury Trial

46. Plaintiff hereby demands a jury trial and tenders the requisite fee.

### VI.
### Request for Disclosure

47. Defendants are requested to disclose within fifty (50) days of this request the information or material described in Texas Rule of Civil Procedure 194.2(a) through (l). Pursuant to Rule 194.3, Defendants are required to serve a written response upon the requesting party within fifty (50) days after the service of the request.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and further prays as follows:

1. Judgment against Defendants, jointly and severally, for actual damages sustained by Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court;

2. Judgment against Defendants, jointly and severally, for cancellation of the indebtedness described hereinabove;

---

**PLAINTIFF'S ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**                                          **PAGE 11**

3.    Judgment against Defendants, jointly and severally, for punitive damages in an amount to be determined by the trier of fact;

4.    A declaration as to the true amount, if any, owed by Plaintiff to U.S. Bank, N.A., or any other party or non-party in connection with any note or deed of trust executed by Plaintiff for the purchase of the Property;

5.    Judgment for Plaintiff to recover reasonable and necessary attorneys' fees for bringing this case to trial and judgment, as well as a conditional award in the event of an appeal;

6.    Judgment for both pre-judgment interest and post-judgment interest on all actual, special, and punitive damages and attorneys fees at the maximum interest rate allowed by law;

7.    Judgment for costs of Court; and

8.    Judgment for such other and further relief to which Plaintiff may be otherwise entitled.

Respectfully submitted,

**PIPKIN, OLIVER & BRADLEY, L.L.P.**


By: _____
          William H. Oliver
          State Bar No. 15265200
          1020 Northeast Loop 410, Suite 810
          San Antonio, Texas 78209
          (210) 820-0082
          (210) 820-0077 (facsimile)


**ELLIS, CARSTARPHEN, DOUGHERTY &
GOLDENTHAL P.C.**
          Edward M. Carstarphen
          State Bar No. 03906700
          5847 San Felipe, Suite 1900
          Houston, Texas 77057
          (713) 647-6800
          (713) 647-6884 (facsimile)


**HILLIARD & MUNOZ, L.L.P.**
          Robert C. Hilliard
          State Bar No. 09677700
          719 S. Shoreline Boulevard, Suite 500
          Corpus Christi, TX 78401
          (361) 882-1612
          (361) 882-3015 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT B-2

**CAUSE NO. 224763-C** 

| | | |
|---|---|---|
| THERESA M. TRAINA, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| OCWEN LOAN SERVICING, LLC, AS | § | |
| SUCCESSOR BY MERGER WITH | § | |
| OCWEN FEDERAL BANK, FSB, U.S. | § | |
| BANK, N.A., AS TRUSTEE, | § | |
| SUCCESSOR BY MERGER TO | § | |
| FIRSTAR BANK, N.A., AS TRUSTEE | § | 169th JUDICIAL DISTRICT |
| FOR NEW CENTURY HOME EQUITY | § | |
| LOAN TRUST, SERIES 2000-NC1, | § | |
| UNKNOWN HOLDERS AND/OR | § | |
| OWNERS OF RESIDUAL INTEREST | § | |
| IN SECURITIZATION OF THE NEW | § | |
| CENTURY HOME EQUITY LOAN | § | |
| TRUST, SERIES 2000-NC1, KENNETH | § | |
| STRICKLAND, SUBSTITUTE | § | |
| TRUSTEE, and BAXTER & | § | |
| SCHWARTZ, P.C. | § | |
|     Defendants. | § | BELL COUNTY, TEXAS |

## SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF DEFENDANTS

For their answer to Plaintiff's Original Petition and Request for Disclosure ("Petition"),

Defendants Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB[1]

("Ocwen") and U.S. Bank, N.A., as Trustee, successor in interest to Firstar Bank, N.A., as

Trustee for New Century Home Equity Loan Trust Series 2000-NC1 ("U.S. Bank") and state as

follows:

## I. SPECIAL EXCEPTIONS

Under Texas Rules of Civil Procedure 90 and 91, Ocwen and U.S. Bank specially except

to the following allegations contained in Plaintiff's Petition:

---

[1] Incorrectly named Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB. Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB, is appearing herein and will answer and defend all claims against Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB.

1.     Ocwen and U.S. Bank specially except to Plaintiff's Petition because Plaintiff failed to plead the maximum amount of damages claimed. The Court "shall require the pleader to amend so as to specify the maximum amount claimed" upon exception. TEX. R. CIV. P. 47.

2.     Ocwen and U.S. Bank specially except to Plaintiff's negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty claims because Plaintiff has not pleaded damages that are separate and apart from breach of contract damages. "When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). There are no circumstances that could give rise to claims for negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty because Plaintiff's remedies and the duties of the parties arise from and are governed by contract, and thus Plaintiff's negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty claims cannot succeed and fail as a matter of law.

3.     Ocwen and U.S. Bank specially except to Plaintiff's intentional infliction of emotional distress claim because Plaintiff has failed to plead with sufficiency the facts and elements necessary to support such a claim. In order to recover under a claim for intentional infliction of emotional distress, a plaintiff must show that (1) the defendant acted intentionally or recklessly; (2) the emotional distress suffered by the plaintiff was severe; (3) the defendant's conduct was extreme and outrageous; (4) the defendant's conduct proximately caused the plaintiff's emotional distress; and (5) there is no alternative cause of action that would provide a remedy for the severe emotional distress caused by the defendant. *See Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004); *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003). Not only has Plaintiff failed to allege these elements, she has failed to set forth any supporting facts. For example, Plaintiff does not allege that no other cause of action provides a

possible remedy for her alleged emotional distress. In fact, Plaintiff seeks recovery for her alleged "mental anguish" and "emotional stress" via her unreasonable debt collection practices TDCPA claims as well. Plaintiff has failed to plead all elements necessary to support an intentional infliction of emotional distress claim. Without this elemental and factual information, Ocwen and U.S. Bank do not have sufficient notice of the claims raised against them in order to prepare a proper defense. Therefore, Plaintiff should be required to replead, and, in the event that she fails to adequately do so, her intentional infliction of emotional distress claim should be stricken. Further, there are no circumstances that could give rise to a claim for intentional infliction of emotional distress because, among other things, Plaintiff has alternative causes of action that provide a basis of recovery for her alleged emotional stress, and thus Plaintiff's claim for intentional infliction of emotional distress cannot succeed and fails as a matter of law.

4. Ocwen and U.S. Bank specially except to Plaintiff's breach of fiduciary duty claim because there is no special relationship or any other facts - pleaded or otherwise - that would support the imposition of a fiduciary duty on Ocwen. There are no circumstances that could give rise to a claim for breach of fiduciary duty, and thus Plaintiff's claim for breach of fiduciary duty cannot succeed and fails as a matter of law.

5. Ocwen and U.S. Bank specially except to Plaintiff's wrongful foreclosure claim because Plaintiff has failed to plead with sufficiency the facts and elements necessary to support such a claim. A claim for wrongful foreclosure requires that a foreclosure actually occurred. *See Wieler v. United Sav. Assn of Texas,* 887 S.W.2d 155, 158 (Tex. App.-Texarkana 1994, writ denied). Wrongful foreclosure requires that a plaintiff prove that irregularities in the foreclosure sale caused the property to be sold for a grossly inadequate price. *American Sav. & Loan Ass'n of Houston v. Musick,* 531 S.W.2d 581, 587 (Tex. 1976); *Weiler,* 887 S.W.2d at 158. Plaintiffs did not allege this element. Without this elemental and factual information, Ocwen and U.S.

3

Bank do not have sufficient notice of the claims raised against them in order to prepare a proper defense. Therefore, Plaintiff should be required to replead, and, in the event that she fails to adequately do so, her wrongful foreclosure claim should be stricken.

6.      Ocwen and U.S. Bank specially except to Plaintiff's unreasonable debt collections practices under Texas common law claim because Plaintiff fails to state a cause of action upon which relief may be granted. Plaintiff has failed to plead with sufficiency the facts and elements necessary to support such a claim. *Woodrum v. Bradley*, 1990 Tex. App. LEXIS 2497, *10 (Tex. Civ. App. – Houston, Oct. 11, 1990, writ denied) ("Unreasonable collection efforts are defined as efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.") Accordingly, her claim for common law unreasonable debt collections practices should be stricken.

7.      Ocwen and U.S. Bank specially except to Plaintiff's Texas Debt Collection Practices Act, TEX. FIN. CODE §§ 392.001, *et seq.* ("TDCPA"), claim because Plaintiff has failed to plead with sufficiency the facts and elements necessary to support such a claim. Ocwen and U.S. Bank also specially except to Plaintiff's TDCPA claim because Ocwen and U.S. Bank are not "debt collectors" under the TDCPA. There are no circumstances that could give rise to a claim under the TDCPA, and thus Plaintiff's TDCPA claim cannot succeed and fails as a matter of law.

## II.  GENERAL DENIAL

Subject to and without waiving the above Special Exceptions and pursuant to Rule 92 of the Texas Rules of Civil Procedure, Ocwen and U.S. Bank generally deny each and every allegation contained in the Petition and demand strict proof thereof.

## II. AFFIRMATIVE DEFENSES

In addition, Ocwen and U.S. Bank plead the following affirmative defenses:

1.    Plaintiff's claims are barred because one or more of the material obligations of the notes and security instruments have not been satisfied.

2.    Plaintiff's claims are barred because she lacks standing.

3.    Plaintiff's claims are barred by the equitable doctrine of waiver.

4.    Plaintiff's claims are barred by the waiver provisions contained in the security instruments at issue in this lawsuit.

5.    Plaintiff's claims are barred by the doctrine of *de minimus non curat lex.*

6.    Plaintiff's claims are barred by the doctrines of unclean hands and *in pari delicto.*

7.    Plaintiff's claims are barred by the doctrine of unjust enrichment.

8.    Plaintiff's claims are barred by the doctrine of accord and satisfaction.

9.    Plaintiff's claims are barred by the election of rights doctrine.

10.    Plaintiff's claims are barred by the applicable statute of limitations.

11.    Any allegedly wrongful acts or omissions of Ocwen and U.S. Bank if and to the extent such acts and omissions occurred, were legally excused or justified.

12.    Plaintiff's claims are barred by the "one satisfaction" doctrine.

13.    Plaintiff's claims are barred to the extent that she was contributorily and/or comparatively at fault for her damages.  Among other things, Plaintiff's own acts or omissions caused and/or contributed to her alleged damages.

14.    Plaintiff has failed to mitigate or minimize her damages.

15.    Plaintiff's claim for intentional infliction of emotional distress is barred because an alternative cause of action exists that would provide a remedy for Plaintiff's alleged emotional distress.

5

16.     Plaintiff's prayer for "cancellation of the indebtedness" at issue is barred by the United States and Texas Constitutions, including without limitation the Due Process Clause and the prohibitions on cruel and unusual punishments and excessive fines set forth in those Constitutions.

1'7.     Ocwen and U.S. Bank claim all offsets and credits available under Chapter 33 of the Texas Civil Practice and Remedies Code.

18.     Ocwen and U.S. Bank deny that all conditions precedent to a right of recovery have been satisfied.

19.     Plaintiff is not entitled to punitive damages, and any and all excessive amounts of punitive damages sought herein violate Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the Constitution of the United States of America, all of which set limits on punitive damages.

20.     Plaintiff's claims are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

21.     The Home Owners Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461 *et seq.,* and its implementing rules and regulations (e.g., 12 C.F.R. § 560.2) preempts Plaintiff's claims in whole or in part.  In particular, same preempts:

a.     the application of state laws to loan-related fees, including, without limitation, initial charges, late charges, pre-payment penalties, servicing fees and over-limit fees;

b.     processing, originating, servicing, sale or purchase of, or investment or participation in, mortgages;

c.     terms of credit; and

d.     state laws whose effect on the lending operations of Ocwen Federal Bank FSB were more than incidental.

### III. PRAYER

Defendants Ocwen and U.S. Bank pray that (1) this Court deny each and every claim, cause of action and request for damages asserted against them; (2) they be dismissed from this action and that they recover their attorneys' fees and costs of court; and (3) they be granted any other legal or equitable relief to which they may be entitled.

Respectfully submitted,

By: *Mark D. Cronenwett w/ perm. by LS*

**MARK D. CRONENWETT**
Texas Bar No. 00787303

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2151
(214) 672-2351 (Fax)

**LINDSAY L. STANSBERRY**
Texas Bar No. 24041968

**COWLES & THOMPSON, P.C.**
1202 First Place
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

ATTORNEYS FOR DEFENDANT
OCWEN LOAN SERVICING, LLC,
SUCCESSOR IN INTEREST TO OCWEN
FEDERAL BANK FSB, U.S. BANK, N.A., AS
TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 31st day of August 2007 a true and correct copy of

the foregoing document was delivered via Certified Mail to the counsel of record listed below.

_____
LINDSAY L. STANSBERRY

William H. Oliver, Esq.
PIPKIN, OLIVER & BRADLEY, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, TX  78209

Edward M. Carstarphen, Esq.
Kori L. Westbrook, Esq.
ELLIS, CARSTARPHEN, DOUGHERTY & GOLDENTHAL, P.C.
5847 San Felipe, Suite 1900
Houston, TX  77057

Robert C. Hilliard, Esq.
HILLIARD & MUNOZ, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, TX  78401

# EXHIBIT B-3

NO. 224763C

| | | |
|---|---|---|
| THERESA M. TRAINA,<br>**Plaintiff** | § | IN THE DISTRICT COURT |
| V. | § | OF BELL COUNTY, TEXAS |
| OCWEN LOAN SERVICING, LLC, AS<br>SUCCESSOR BY MERGER WITH<br>OCWEN FEDERAL BANK, FSB,<br>U. S. BANK, N.A. AS TRUSTEE<br>SUCCESSOR BY MERGER TO<br>FIRSTAR BANK, N.A., AS TRUSTEE<br>FOR NEW CENTURY HOME EQUITY<br>LOAN TRUST, SERIES 2000-NCI,<br>UNKNOWN HOLDERS AND/OR<br>OWNERS OF RESIDUAL INTEREST<br>IN SECURITIZATION OF THE NEW<br>CENTURY HOME EQUITY LOAN<br>TRUST, SERIES 2000-NCI, KENNETH<br>STRICKLAND, SUBSTITUTE TRUSTEE,<br>and BAXTER & SCHWARTZ, P.C.<br>**Defendants** | § | 169TH JUDICIAL DISTRICT |

## <u>DEFENDANT BAXTER & SCHWARTZ, P.C.</u><br><u>MOTION TO TRANSFER VENUE</u>

Defendant, BAXTER & SCHWARTZ, P.C., files this Motion to transfer venue and asks the Court to transfer this case from Bell County, Texas to Harris County, Texas.

<u>A. Introduction.</u>

1. Plaintiff is THERESA M. TRAINA. Defendant is BAXTER & SCHWARTZ, P.C.

2. Plaintiff sued Defendant in Bell County for:

    a. Wrongful Foreclosure and Declaratory Action;

    b. Breach of Contract;

    c. Negligence and Gross Negligence;

    d. Intentional Infliction of Emotional Distress;

e. Unreasonable Debt Collection Practices Under Texas Common Law;

f. Violations of the Texas Debt Collection Practices Act;

g. Breach of Fiduciary Duty;

h. Request for Declaratory Judgment; and

i. Punitive Damages.

3.   This case should be transferred out of Bell County, Texas which is not a proper county for venue, to Harris County, Texas, a proper county for venue.

## B.  Facts

4.   Defendant specifically denies Plaintiff's venue facts that Defendant did any of the conduct that would be the basis of the alleged causes of action.

5.   Defendant specifically pleads that this case should be transferred to Harris County, Texas because Defendant is a corporation with its principal office in Harris County, Texas and Defendant committed no conduct made the basis of Plaintiff's alleged causes of action in Bell County, Texas.

6.   Defendant attaches an affidavit to this motion to establish Defendant's venue facts and incorporates them by reference.

## C.  Argument & Authorities

### Improper Venue

7.   Venue of this case is improper in Bell County because this county is not a county of proper venue under any of the venue rules. Contrary to Plaintiff's allegations, Bell County is not a county of proper venue because Plaintiff has not alleged any facts that would support any causes of action against this Defendant.

8.   This case should be transferred to Harris County, which is a proper county under the general venue rule, Texas Civil Practice & Remedies Code section 15.002(a), because no mandatory venue provision applies. Venue is proper in Harris County, Texas, because it is the county of Defendant's principal office in this state. Tex. Civ. Prac. & Rem. Code §15.002(a)(3); *see In re Missouri Pac.* R.R., 998 S.W.2d 212, 216-17 (Tex. 1999) (FELA case).

## D.  Conclusion

9.   Because venue is proper in Harris County, the Court should transfer this case

to Harris County.

E.  Prayer

10.   For these reasons, Defendant asks the Court to set its motion to transfer venue for hearing and, after the hearing, grant Defendant's motion and transfer this case to Harris County.

**WHEREFORE**, Movant prays this Court will transfer this cause to Harris County, Texas, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

SCHWARTZ & KALINOWSKI, L.L.P.
1821 Mons Avenue
Rosenberg, Texas   77471
PHONE:  (281) 342-2806
FAX:  (281) 342-2807

BY: _____
DON T. SCHWARTZ
State Bar No.:  17862000

Attorney for Defendant, BAXTER & SCHWARTZ, P.C.

**CERTIFICATE OF SERVICE**

I certify that on _September 6_, 2007, in accordance with the provisions

of Rule 21a, Texas Rules of Civil Procedure, I did serve a true copy of the foregoing instrument upon all attorneys of record in this cause.

Don T. Schwartz

NO. 224763C

| | | |
|---|---|---|
| THERESA M. TRAINA,<br>Plaintiff | § | IN THE DISTRICT COURT |
| V. | § | OF BELL COUNTY, TEXAS |
| OCWEN LOAN SERVICING, LLC, AS<br>SUCCESSOR BY MERGER WITH<br>OCWEN FEDERAL BANK, FSB,<br>U. S. BANK, N.A. AS TRUSTEE<br>SUCCESSOR BY MERGER TO<br>FIRSTAR BANK, N.A., AS TRUSTEE<br>FOR NEW CENTURY HOME EQUITY<br>LOAN TRUST, SERIES 2000-NCI,<br>UNKNOWN HOLDERS AND/OR<br>OWNERS OF RESIDUAL INTEREST<br>IN SECURITIZATION OF THE NEW<br>CENTURY HOME EQUITY LOAN<br>TRUST, SERIES 2000-NCI, KENNETH<br>STRICKLAND, SUBSTITUTE TRUSTEE,<br>and BAXTER & SCHWARTZ, P.C.<br>Defendants | § | 169TH JUDICIAL DISTRICT |

## AFFIDAVIT IN SUPPORT OF
## DEFENDANT'S MOTION TO TRANSFER VENUE

BEFORE ME, the undersigned authority, personally appeared KIRK A. SCHWARTZ, who being duly sworn, deposed as follows:

"My name is KIRK A. SCHWARTZ. I am at least 18 years of age and of sound mind. I have never been convicted of a felony or a crime involving moral turpitude and am personally acquainted with the facts alleged herein.

" I am Vice-President of BAXTER & SCHWARTZ, P.C., a Texas Professional Corporation that is engaged in the business of practicing law. As Vice-President I have knowledge of the day to day activities of BAXTER & SCHWARTZ, P.C.

"BAXTER & SCHWARTZ, P.C., is a corporation with its principal office in Harris County, Texas and BAXTER & SCHWARTZ, P.C., committed no conduct made the basis of Plaintiff's alleged cause of action in Bell County, Texas."

SIGNED on the 6th day of September, 2007.

_____
KIRK A. SCHWARTZ

**SUBSCRIBED AND SWORN TO BEFORE ME** on September 6, 2007, by KIRK A. SCHWARTZ, as Vice-President of BAXTER & SCHWARTZ, P.C.

JUDY F. JANECKA
Notary Public, State of Texas
My Commission Expires 11-23-2008

_____
NOTARY PUBLIC, STATE OF TEXAS

NO. 224763C

| | | |
|---|---|---|
| THERESA M. TRAINA, **Plaintiff** | § | IN THE DISTRICT COURT |
| V. | § | OF BELL COUNTY, TEXAS |
| OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, U. S. BANK, N.A. AS TRUSTEE SUCCESSOR BY MERGER TO FIRSTAR BANK, N.A., AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2000-NCI, UNKNOWN HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST IN SECURITIZATION OF THE NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2000-NCI, KENNETH STRICKLAND, SUBSTITUTE TRUSTEE, and BAXTER & SCHWARTZ, P.C. **Defendants** | § | 169TH JUDICIAL DISTRICT |

### ORDER GRANTING
### DEFENDANT BAXTER & SCHWARTZ, P.C. MOTION TO TRANSFER VENUE

On _____, 2007, the Court considered the Defendant BAXTER & SCHWARTZ P.C.'s Motion to Transfer Venue, and after considering the pleadings, the response, the affidavits, any discovery filed, and arguments of counsel, finds that the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that the Motion to Transfer Venue is **GRANTED** and this cause is hereby transferred to Harris County, Texas.

Signed on: _____, 2007.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

SCHWARTZ & KALINOWSKI, L.L.P.
1821 Mons Avenue
Rosenberg, Texas 77471
PHONE: (281) 342-2806
FAX: (281) 342-2807

BY: _____
    DON T. SCHWARTZ
    State Bar No.: 17862000
    Attorney for Defendant, BAXTER &
    SCHWARTZ, P.C.

# EXHIBIT B-4

NO. 224763C

| | | |
|---|---|---|
| THERESA M. TRAINA,<br>        Plaintiff | § | IN THE DISTRICT COURT |
| V. | § | OF BELL COUNTY, TEXAS |
| OCWEN LOAN SERVICING, LLC, AS<br>SUCCESSOR BY MERGER WITH<br>OCWEN FEDERAL BANK, FSB,<br>U. S. BANK, N.A. AS TRUSTEE<br>SUCCESSOR BY MERGER TO<br>FIRSTAR BANK, N.A., AS TRUSTEE<br>FOR NEW CENTURY HOME EQUITY<br>LOAN TRUST, SERIES 2000-NCI,<br>UNKNOWN HOLDERS AND/OR<br>OWNERS OF RESIDUAL INTEREST<br>IN SECURITIZATION OF THE NEW<br>CENTURY HOME EQUITY LOAN<br>TRUST, SERIES 2000-NCI, KENNETH<br>STRICKLAND, SUBSTITUTE TRUSTEE,<br>and BAXTER & SCHWARTZ, P.C.<br>        Defendants | § | 169TH JUDICIAL DISTRICT |

## DEFENDANT, BAXTER & SCHWARTZ, P.C. ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

BAXTER & SCHWARTZ, P.C., Defendant, subject to Defendant's Motion to Transfer Venue, files this Original Answer to Plaintiff's Original Petition and by way of answer shows:

### Special Exceptions

1.   Defendant especially excepts to paragraph 18 of Plaintiff's Original Petition because Plaintiff has not given fair notice to the Defendant as to how the Defendant committed a wrongful foreclosure, and did not state a specific time period as to when the so called alleged breach occurred.

2.   Defendant further excepts to paragraphs 21, 22, 24, 26, 30, 32, 34, 36, 38, 40,  42 and 44, for the reason that said pleadings refer only to Defendants and not any

one specific Defendant, therefore Defendant is not given fair notice as to what conduct it allegedly committed, therefore cannot properly prepare an adequate response.

### Statute of Limitations

3. Defendant further pleads the two and four year Statute of Limitation as contained in Chapter 16 of Civil Practice and Remedies Code.

### Verified Denial

4. Defendant is not liable in the capacity of which it is sued. Pursuant to 51.007 of the Texas Property Code, Defendant asserts that it is not a necessary party and that it is Defendant's belief that it was named as a party solely in its capacity as a Trustee under a Deed of Trust.

### General Denial

5. Defendant generally denies the allegations in Plaintiff's Original Petition and demands strict proof thereof, as required by the Texas Rules of Civil Procedure.

### Affirmative Defenses

6. Defendant makes the following affirmative defenses with respect to the allegation of Plaintiff's Original Petition because claims pursuant to Rule 94 of the Texas Rules of Civil Procedure:

    a. Mistake of Fact;

    b. Estoppel;

    c. Two and four year Statutes of Limitation; and

    d. Waiver;

### Reservation of Rights

7. Defendant reserves the right to further plead any and all defenses, affirmative or otherwise; and all other counterclaims to which Defendant may be entitled by this pleading or any amendment to this pleading.

### Attorney's Fees

8. It was necessary for Defendant to obtain the services of SCHWARTZ & KALINOWSKI, L.L.P., a licensed attorney, to prepare and defend this suit. Judgment for attorney's fees and expenses through final judgment after appeal should be granted against Plaintiff and in favor of Defendant's attorney; or, in the alternative, Defendant

requests that reasonable attorney's fees and expenses through final judgment and appeal be taxed as costs and be ordered paid directly to Defendant's attorney, who may enforce the order for fees in the attorney's own name.

## Request for Disclosure

9.   Plaintiff is requested to disclose within thirty (30)days of this request the information or material described in Texas Rules of Civil Procedure 194.2(a) through (i).

## Prayer

10.   For these reasons, Defendant asks the Court to sustain Defendant's Special Exceptions and Defendant further asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant attorney's fees, expenses and costs, and for all other relief to which it is entitled.

Respectfully submitted,

SCHWARTZ & KALINOWSKI, L.L.P.
Rosenberg, Texas   77471
PHONE: (281) 342-2806
FAX: (281) 342-2807

BY:   _____
DON T. SCHWARTZ
State Bar No.: 17862000

Attorney for Defendant, BAXTER & SCHWARTZ, P.C.

## CERTIFICATE OF SERVICE

I certify that on _September 6_, 2007, in accordance with the provisions of Rule 21a, Texas Rules of Civil Procedure, I did serve a true copy of the foregoing instrument upon the following attorneys of record in this cause, by one or more of the following methods, as specified below:

Mr. WILLIAM H. OLIVER
PIPKIN, OLIVER, & BRADLEY, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, Texas   78209
FAX:   (210) 820-0077

Mr. EDWARD M. CARSTARPHEN
ELLIS, CARSTARPHEN, DOUGHERTY
& GOLDENTHAL, P.C.
5847 San Felipe, Suite 1900
Houston, Texas   77057
FAX:   (713) 647-6884

Mr. ROBERT C. HILLIARD
HILLIARD & MUNOZ, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas   78401
FAX:   (361) 882-3015

_____ Personal Delivery.

_____ Courier Receipted Delivery.

_____ Certified Mail, Return Receipt Requested.

_____ First-Class Mail.

✓ Telephonic Document Transfer to the Recipient's Current Telecopier       Nur

Don T. Schwartz

## VERIFICATION

**THE STATE OF TEXAS** §

**COUNTY OF HARRIS** §

BEFORE ME, the undersigned authority, personally appeared KIRK A.

SCHWARTZ, Vice-President of BAXTER & SCHWARTZ, P.C., a person who is known

to me. After I administered an oath to him, upon his oath, he said that he has read the

foregoing Defendant's Original Answer, that he believes that BAXTER & SCHWARTZ,

P.C. was named as a party solely in its capacity as a Trustee under a Deed of Trust,

and that the facts stated in Defendant's Original Answer are within his personal

knowledge and are true and correct.

SIGNED on the 6th day of *September*, 2007.

KIRK A. SCHWARTZ,        Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, on *September 6*, 2007.
by KIRK A. SCHWARTZ.

**JUDY F. JANECKA**
Notary Public, State of Texas
My Commission Expires 11-23-2008

NOTARY PUBLIC, STATE OF TEXAS

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| THERESA M. TRAINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| OCWEN LOAN SERVICING, LLC, AS | ) | |
| SUCCESSOR BY MERGER WITH | ) | |
| OCWEN FEDERAL BANK, FSB, | ) | |
| U.S. BANK, N.A., AS TRUSTEE, | ) | |
| SUCCESSOR BY MERGER TO FIRSTAR | ) | |
| BANK, N.A., AS TRUSTEE FOR NEW | ) | |
| CENTURY HOME EQUITY LOAN | ) | |
| TRUST, SERIES 2000-NC1, UNKNOWN | ) | |
| HOLDERS AND/OR RESIDUAL | ) | |
| INTEREST IN SECURITIZATION OF | ) | |
| THE NEW CENTURY HOME EQUITY | ) | |
| LOAN TRUST, SERIES 2000-NC1, | ) | |
| KENNETH STRICKLAND, SUBSTITUTE | ) | |
| TRUSTEE, and BAXTER & | ) | |
| SCHWARTZ, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT TO REMOVAL

COMES NOW Defendant Baxter & Schwartz, P.C. and, by and through the undersigned

counsel, hereby expressly consent to the removal of this action by Defendants Ocwen Loan

Servicing, LLC, successor in interest to Ocwen Federal Bank FSB and U.S. Bank, N.A., as

Trustee, successor by merger to Firstar Bank, N.A., as Trustee for New Century Home Equity

Loan Trust, Series 2000-NC1 to this Court from the District Court of Bell County, Texas.

Baxter & Schwartz, P.C. respectfully notifies the Court that it is a professional

corporation organized under the laws of Texas with its principal place of business at 5450 NW

Central, Suite 307, Houston, Texas 77092.

Dated: September 11, 2007

SCHWARTZ & KALINOWSKI, LLP

1821 Mons Avenue
Rosenberg, Texas 77471
(281) 342-2808

By: _Don T. Schwartz_ w/ perm.
by us

DON T. SCHWARTZ
State Bar No. 17862000

Attorney for
BAXTER & SCHWARTZ, P.C.

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| THERESA M. TRAINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| OCWEN LOAN SERVICING, LLC, AS | ) | |
| SUCCESSOR BY MERGER WITH | ) | |
| OCWEN FEDERAL BANK, FSB, | ) | |
| U.S. BANK, N.A., AS TRUSTEE, | ) | |
| SUCCESSOR BY MERGER TO FIRSTAR | ) | |
| BANK, N.A., AS TRUSTEE FOR NEW | ) | |
| CENTURY HOME EQUITY LOAN | ) | |
| TRUST, SERIES 2000-NC1, UNKNOWN | ) | |
| HOLDERS AND/OR RESIDUAL | ) | |
| INTEREST IN SECURITIZATION OF | ) | |
| THE NEW CENTURY HOME EQUITY | ) | |
| LOAN TRUST, SERIES 2000-NC1, | ) | |
| KENNETH STRICKLAND, SUBSTITUTE | ) | |
| TRUSTEE, and BAXTER & | ) | |
| SCHWARTZ, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DECLARATION OF CHOMIE NEIL</u>

I, Chomie Neil, do hereby declare under penalty of perjury that the following is true and correct:

1.      I am currently employed by Ocwen Loan Servicing, LLC ("Ocwen Loan Servicing"), successor in interest to Ocwen Federal Bank FSB ("Ocwen Federal Bank"), as a Senior Loan Analyst. I held the position of research specialist from 1999 until July 2005 with Ocwen Federal Bank and held this position at Ocwen Loan Servicing until being promoted to Senior Loan Analyst in May 2006. I have reviewed the complaint in the above-entitled action.

As a result of my employment with Ocwen, and my review of the loan history, I have personal knowledge of the facts set forth in this affidavit.

2.    Ocwen Federal Bank FSB was a federally charted thrift incorporated under the laws of the United States. Effective June 30, 2005, Ocwen Federal Bank FSB was dissolved and its mortgage loan servicing business was transferred to Ocwen Loan Servicing, LLC.

3.    Ocwen Loan Servicing, LLC is a limited liability company. The sole member of Ocwen Loan Servicing, LLC is Ocwen Financial Corp. Ocwen Financial Corp. is a Florida corporation headquartered in Florida.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 10th , 2007    _____

                                   CHOMIE NEIL

# EXHIBIT E

1

1       REPORTER'S RECORD.

2          VOLUME ___ OF ___

3        TRIAL CAUSE NO. 04CV1469

4

5   SEALY DAVIS        .  IN THE DISTRICT COURT OF

6                   .

7   VS.          .  GALVESTON COUNTY, TEXAS

8                   .

9   OCWEN FEDERAL BANK    .  212TH JUDICIAL DISTRICT

10

11  ═══════════════════════════════

12          TRIAL

13  ═══════════════════════════════

14     On the 23rd day of November 2005, the following

15  proceedings came on to be heard in the above-entitled

16  and numbered cause before the Honorable Susan E. Criss,

17  Judge Presiding, held in Galveston, Galveston County,

18  Texas:

19     Proceedings reported by Stenographic machine.

20

21

22

61

1        And I will just close off -- Only if I

2    had more time.  I thank you your very careful

3    attention.  I believe that juries are conscientious.  I

4    have never been in front of one that wasn't.  I have

5    watched y'all pay attention to the exhibits.  I have

6    watched y'all take notes and I know that you will be --

7    you have demonstrated all along that you have been

8    conscientious and I know you will be back in the jury

9    room deliberating as well.  Thank you.

10        THE COURT:  Before our break Mr. Bertini

11   was telling me -- do you want to go ahead and do yours.

12        MR. BERTINI:  I need to go to the

13   restroom.

14        THE COURT:  All right.  Let's go ahead

15   and take a break.

16        (Recess)

17        THE COURT:  Mr. Bertini?

18        MR. BERTINI:  Mr. Hilliard and

19   Mr. Madole have just told you that my clients did

20   nothing in this case.  I'm not about to argue with

21   that.  I would have done that before the break but I

**WO7CA297**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Theresa Traina

**DEFENDANTS**

Ocwen Loan Servicing, LLC, et al.

(b) County of Residence of First Listed Plaintiff  Bell
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

William H. Oliver, Pipkin, Oliver & Bradley, LLP, 1020 Northeast Loop 410, Ste. 810, San Antonio, TX 78209 (210) 820-0082, ext. 4

Attorneys (If Known)

Mark D. Cronenwett, Cowles & Thompson, PC, 901 Main ST., Ste. 4000, Dallas, TX 75202 (214) 672-2000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☒ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
Borrower on a loan disputes actions by the loan servicer.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
9/11/2007

SIGNATURE OF ATTORNEY OF RECORD
Mark D. Cronenwett w/perm. by us

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

WACO                    DIVISION

# W07 CA297

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal.  Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

---

**STATE COURT INFORMATION:**

1. Please identify the court from which the case is being removed; the case number; and the complete style of the case.

   Theresa M. Traina v. Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB, U.A. Bank, N.A., as Trustee, successor by merger to Firstar Bank, N.A., as Trustee for New Century Home Equity Loan Trust, Series 2000-NC1, Unknown holders and/or owners of the Residual Interest in Securitization of the New Century Home Equity Loan Trust, Series 2000-NC1, Kenneth Strickland, Substitute Trustee, and Baxter & Schwartz, P.C.

   Cause No. 224763-C in the 169th Judicial District Court of Bell County, Texas

2. Was jury demand made in State Court?      Yes  ☒      No  ☐

   If yes, by which party and on what date?

   Plaintiff _____      8/3/2007 _____

   Party Name                                        Date

---

**STATE COURT INFORMATION:**

1. List all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

   Jane Austin, Plaintiff, c/o William H. Oliver,  Bar No. 15265200,  Pipkin, Oliver & Bradley, LLP, 1020 Northeast Loop 410, Ste. 810,  San Antonio, TX 78209 , 210.820.0082 and Edward M. Carstarphen, Bar No. 03906700, Kori L. Westbrook, Bar No. 24037695, Ellis, Carstarphen, Doughterty & Goldenthal, 5847 San Felipe, Ste. 1900, Houston, TX 77057 713.647.6800 and Robert C. Hilliard, Bar No. 09677700, Hilliard & Munoz, LLP, 719 S. Shoreline Blvd. Ste. 500, Corpus Christi, TX 7840, 361.882.1612

   Ocwen Loan Servicing, LLC, successor in  interest to Ocwen Federal Bank, FSB,  and U.S. Bank, N.A., as Trustee, Defendants c/o  Mark D. Cronenwett, Bar No. 00787303, Cowles & Thompson,  901 Main ST., Ste. 4000, Dallas, TX 75202 214.672.2000 and Lindsay L. Stansberry, Bar No. 24041968, Cowles & Thompson, 1202 First Place, Tyler, TX 75702 903.596.9000

   Baxter & Schwartz, P.C., Defendant c/o Don T. Schwartz, Bar No. 17862000, Schwartz & Kalinowaski, LLP, 1821 Mons Ave. Rosenberg, TX 77471, 281.342.2806
   Kenneth Strickland, Substitute Trustee, Defendant, not served  Address and phone unknown.            ⊞

---

TXWD - Supplement to JS 44 (Rev. 10/2004)

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

     Kenneth Strickland, Substitute Trustee, Defendant, not served  Address and phone unknown.  Reason for non-service unknown.

3. List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

     None.

---

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

1. List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

     None.

---

**VERIFICATION:**

_Mark D. Cronenwett w/ perm. by us_         _9/11/2007_
Attorney for Removing Party                         Date

_Defendants Ocwen and US Bank_
Party/Parties

TXWD - Supplement to JS 44 (Rev. 10/2004)

ORIGINAL

410407

**AO82**
**(Rev. 4/90)**

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**WESTERN DISTRICT OF TEXAS**
at _Waco, TX_

RECEIVED FROM     _Cowles & Thompson, PC_
_1202 First Place_
_Tyler, TX 75702_

| ACCOUNT | AMOUNT | |
|---|---|---|
| 510000 | $190 | 00 |
| 086900 | $60 | 00 |
| 086400 | $100 | 00 |
| TOTAL | $350.00 | |

**Fund**
6855XX  Deposit Funds
604700  Registry Funds
        General and Special Funds
508800  Immigration Fees
085000  Attorney Admission Fees
086900  Filing Fees
322340  Sale of Publications
322350  Copy Fees
322360  Miscellaneous Fees
143500  Interest
322380  Recoveries of Court Costs
322386  Restitution to U.S. Government
121000  Conscience Fund
129900  Gifts
504100  Crime Victims Fund
613300  Unclaimed Monies
510000  Civil Filing Fee (½)
510100  Registry Fee  M

Case Number or Other Reference
_W: 07-CA-297_

_Civil Case_
_Filing Fee_
_Theresa M. Traina_
_vs. Ocwen Loan_
_Servicing LLC,_
_et al_

$Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

014275

| DATE | | | Cash | Check | M.O. | Credit | DEPUTY CLERK: |
|---|---|---|---|---|---|---|---|
| 9 | 13 | 2007 | | X | | | _J. Miles_ |