# EXHIBIT C

O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEWPORT BEACH
NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO

RECEIVED
CLERK'S OFFICE
2007 SEP 19 P 2:56
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

September 19, 2007

OUR FILE NUMBER
632360-13

WRITER'S DIRECT DIAL
202-383-5127

WRITER'S E-MAIL ADDRESS
bbrooks@omm.com

**BY HAND DELIVERY**
Mr. Jeffrey N. Lüthi
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
One Columbus Circle, N.E.
Washington, D.C. 20002

Re: ***In re Ocwen Federal Bank FSB Mortgage Servicing Litigation***
***Docket No. 1604***
***Notice of Related Action***

Dear Mr. Lüthi:

Attached at Tabs 1 and 2 are copies of the complaint and notice of removal in the following tag-along actions:

| | **TAB** |
|---|---|
| • *Theresa Traina v. Ocwen Loan Servicing, LLC, et al.*, 6:07-cv-00297-WSS, filed in the District Court of the State of Texas for Bell County and removed to the United States District Court for the Western District of Texas, Waco Division. | 1 |
| • *Robert Armstrong v. Ocwen Loan Servicing, LLC., et al.,* No. 3:07-cv-01571, filed in the County Court at Law, Kaufman County, of the State of Texas and removed to the United States District Court for the Northern District of Texas, Dallas Division. | 2 |

The above-listed actions ("Actions") relate to the actions consolidated in *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, MDL No. 1604. Accordingly, pursuant to

R.P.J.P.M.L. 7.5(e), Ocwen notifies the Panel that the Actions are pending in federal court and should be transferred as part of MDL No. 1604 to the Northern District of Illinois.

The causes of action alleged in the above-listed Actions relate to the actions consolidated in MDL No. 1604 in a number of respects. ***First***, the core substantive allegations in the complaints overlap with the substantive allegations included in most of the actions previously transferred by the Panel. In the first of these Actions, *Theresa Traina v. Ocwen Loan Servicing, LLC, et al.*, the plaintiff alleges that Ocwen failed to accept mortgage payments (Compl. ¶ 21(a)); that it misapplied payments received (Compl. ¶ 21(c)); that it demanded more than was actually due to avoid foreclosure (Compl. ¶ 21(g)); and that it failed to provide timely payment information to plaintiff (Compl. ¶ 21(b)). In the second of these Actions, *Robert Armstrong v. Ocwen Loan Servicing, LLC., et al.*, the plaintiff alleges that Ocwen failed to accept mortgage payments (Compl. ¶ 21(a)); that it misapplied payments received (Compl. ¶ 21(c)); that it demanded more than was actually due to avoid foreclosure (Compl. ¶ 21(g)); and that it failed to provide timely payment information to plaintiff (Compl. ¶ 21(b)). These allegations are essentially identical to those asserted in actions that the Panel has previously transferred as well as to those included in the consolidated class action complaint currently operative in MDL No. 1604. ***Second***, the plaintiffs in the Actions are encompassed within the putative classes proposed for certification in other actions previously transferred by the Panel as part of MDL No. 1604. While the Actions at issue here are not putative class actions, the Panel has already transferred a number of individual actions to MDL No. 1604 and has frequently transferred individual actions to multidistrict proceedings where the factual allegations in such actions make clear that discovery is likely to overlap with discovery in class actions that are included in the proceeding. *See, e.g., In re Conseco Life Ins. Co. Cost of Ins. Litig.*, 2004 U.S. Dist. LEXIS 12139 (J.P.M.L. June 23, 2004); *In re Fine Host Corp. Secs. Litig.*, 1998 U.S. Dist. LEXIS 12332 (J.P.M.L. Aug. 7, 1998). ***Third***, plaintiffs allege claims under legal theories that are similar to those asserted in other actions previously transferred by the Panel. For instance, the plaintiffs in both Actions allege breaches of duties arising under the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act as well as breach of contract and negligence. These legal theories are asserted in actions that have already been transferred by the Panel and each is included in the MDL consolidated class action complaint.

While Ocwen denies the allegations in the above-listed actions and the other actions previously transferred, it nonetheless is clear that the legal and factual allegations in the above-listed Actions are sufficiently similar to those asserted in the actions previously identified to the Panel to warrant transfer for consolidated pretrial proceedings.

If you have any questions, please do not hesitate to call me at the above telephone number.

Case 6:07-cv-00296-SS Document 8-5 Filed 10/26/2007 Page 4 of 4

O'MELVENY & MYERS LLP

Mr. Jeffrey N. Lüthi, September 19, 2007- Page 3

Very truly yours,

Brian P. Brooks /LEA

Brian P. Brooks
*Counsel for Defendants*
*Ocwen Financial Corporation*
*Ocwen Federal Bank FSB*
*Ocwen Financial Services, Inc.*

cc: MDL 1604 Lead Counsel (with Exhibits)
MDL 1604 Liaison Counsel (with Exhibits)
William H. Oliver (with Exhibits)
Edward Carstarphen (with Exhibits)
Robert C. Hilliard (with Exhibits)
Lindsay L. Lambert (with Exhibits)
Don Schwartz (with Exhibits)
All MDL 1604 Counsel of Record (without Exhibits)