# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SANDRA SINEGAL | § | |
| | § | |
| V. | § | |
| | § | |
| OCWEN FEDERAL BANK, OCWEN | § | |
| FINANCIAL CORPORATION, WELLS | § | NO. 1:05-CV-246 |
| FARGO BANK, CAROLYN CICCIO, | § | |
| TOMMY JACKSON, CAROL | § | |
| JACKSON, CHRISTOPHER BAXTER, | § | |
| KIRK SCHWARTZ, and BAXTER & | § | |
| SCHWARTZ | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE RE: MDL CONDITIONAL TRANSFER ORDER**

This action, assigned for trial to Hon. Marcia A. Crone, United States district judge, is referred to the undersigned United States magistrate judge for pretrial management pursuant to Referral Order of March 30, 2005.

Plaintiff challenges the propriety of fees, penalties, and finance charges assessed and collected by defendants in servicing plaintiff's mortgage, and asserts numerous claims involving the Texas Debt Collection Practices Act and intentional infliction of emotional distress.

The case was removed from state court based upon defendant's assertion that this court has jurisdiction due to complete diversity of all relevant parties and in

Case 1:05-cv-00346-MAC-ESH   Document 8   Filed 04/29/2005   Page 2 of 3

amount in controversy that exceeds $75,000, as well as original jurisdiction founded on a claim arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Plaintiff promptly moved for a remand, while defendants moved to stay the case pending a decision by the Judicial Panel on Multidistrict Litigation as to whether this case would be consolidated with other, similar cases.

On April 25, 2005, the court received from defendants a certified copy of a Notice of a Conditional Transfer Order issued by the MDL panel. That notice states that this case was conditionally transferred to the Northern District of Illinois, to be included in In re: Ocwen Federal Bank FSB Mortgage Service Litigation, MDL No. 1604, pursuant to 18 U.S.C. § 1407 and Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

## RECOMMENDATION

In light of the Conditional Transfer Order, this case should be administratively closed pending further order of the court.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

SIGNED this 29th day of April, 2005.



## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| MARY BROWN | § | |
| | § | |
| v. | § | CIVIL ACTION NO.1:07cv92 (TH) |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| et al., | § | |
| | § | |

### ORDER STAYING CASE

Before the Court is Defendant Ocwen Loan Servicing, LLC's *Motion to Stay Proceedings Pending MDL Panel Review* [Doc. No. 4]. After considering the motion, the docket, the applicable law, and the fact that Plaintiff is now unopposed to it (*see* Defendant Ocwen Loan Servicing, LLC's *Certificate of Conference on its motion to Stay Proceedings Pending MDL Review* [Doc. No. 10]), this Court is of the opinion that the motion should be granted, and these proceedings should be stayed.

**IT IS THEREFORE ORDERED** that Defendant Ocwen Loan Servicing, LLC's *Motion to Stay Proceedings Pending MDL Panel Review* [Doc. No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that all proceedings in this case are hereby **STAYED** pending the transfer of this case to the Northern District of Illinois for coordinated and consolidated pretrial proceedings as part of *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, MDL-1604.

**SO ORDERED.**

SIGNED this the 5 day of **April, 2007.**

Thad Heartfield
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Houston Division

United States Courts
Southern District of Texas
ENTERED

MAY 1 3 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| BRAD R. RHOTON, SR. and ROSE RHOTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:05-CV-00630 |
| | ) | |
| OCWEN FEDERAL BANK FSB, OCWEN FINANCIAL CORPORATION, BANK ONE, N.A., AS TRUSTEE OF THE AMORTIZING RESIDENTIAL COLLATERAL TRUST, 2001-BC6, CHRISTOPHER K. BAXTER, SUBSTITUTE TRUSTEE, AND BAXTER & SCHWARTZ, P.C., | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## AGREED ORDER CONTINUING SCHEDULING CONFERENCE

On this date, the Court considered the Agreed Motion for Continuance of Scheduling Conference filed by all of the parties in this lawsuit. Having considered this Motion, and noting the agreement of the parties, the Court is of the opinion that it should be GRANTED.

It is therefore ORDERED that the Agreed Motion for Continuance of Scheduling Conference is GRANTED, and the June 3, 2005 scheduling conference is CONTINUED, as are related deadlines for submission of materials to the Court. The Court will reset the scheduling conference, if necessary, after the Judicial Panel on Multidistrict Litigation has issued a final ruling on whether this action should be transferred to the Northern District of Illinois as a part of *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, MDL No. 1604.

SO ORDERED at Houston, Texas, on
this 13th day of May, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE

1

Signed this ____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

/s/ Robert C. Hilliard (w/permission DJA)
Robert C. Hilliard
  State Bar No. 09677700
  S.D. Tex. No. 5912
719 Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 882-1612
Telecopy: (361) 882-3015

*ATTORNEY-IN-CHARGE FOR PLAINTIFFS*

/s/ Cristina Platon Camarata (w/permission DJA)
Cristina Platon Camarata
Baxter & Schwartz, P.C.
  State Bar No. 16061560
  S.D. Tex. No. 13685
5450 NW Central, Suite 307
Houston, Texas 77092
Tel. 713-933-1547
Fax 713-933-2447

*ATTORNEY-IN-CHARGE FOR DEFENDANTS BAXTER
& SCHWARTZ, P.C. AND CHRISTOPHER K. BAXTER*

2

AGREED:


_s/ David S. Coale (w/permission DJA)_
David S. Coale
  State Bar No. 00787255
  S.D. Tex. No. 18564
Carrington, Coleman, Sloman &
  Blumenthal, L.L.P.
200 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 855-3000
Telecopy: (214) 855-1333

*ATTORNEY-IN-CHARGE FOR DEFENDANTS OCWEN*
*FEDERAL BANK FSB, OCWEN FINANCIAL*
*CORPORATION, AND BANK ONE, N.A.*

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

JEFF and SANDRA WATSON,
*Plaintiff(s)*

v.

OCWEN FEDERAL BANK FSB,
*Defendant(s)*

CIVIL ACTION NO. H-05-0924

## ORDER

Pending before the Court is Plaintiffs' emergency motion to remand (Doc. 5) and Defendant's motion to stay this action pending transfer by the Judicial Panel on Multidistrict Litigation to MDL No. 1604, *In re Ocwen Federal Bank FSB Mortgage Service Litigation*, currently pending in the Northern District of Illinois (Doc. 8). The consolidated pretrial proceedings contemplated by 28 U.S.C. § 1407 are intended to promote efficiency by allowing a single transferee judge to rule on common issues in related cases. Certain issues, however, are best decided by transferor judges. In particular, jurisdictional issues that turn on factual or legal questions unique to particular cases are best left to the transferor court, since no efficiency will be gained by sending such issues to the transferee court and since the existence of federal subject matter jurisdiction is always a threshold issue.[1] Such is the case with Plaintiffs' motion to remand. Having reviewed the parties' briefs, the record, and the applicable law, the Court finds that the motion to remand is without merit. There is no dispute that there is complete diversity among the parties and that this action meets the amount in controversy requirement of 28 U.S.C. § 1332. Furthermore, after additional briefing ordered by the Court, it is also clear that there is no dispute

---

[1] *See Medical Society of State of New York v. Connecticut General Corp.*, 187 F. Supp.2d 89, 92 (S.D.N.Y. 2001)("The same considerations drive my decision whether to stay any ruling on plaintiffs' remand motions. The question is not whether there will be a decision on the jurisdictional issue, but rather which court is in the best position to decide it- this Court or the MDL court. If the underlying jurisdictional issue involved questions of law or fact not bound up with those involved in the multidistrict healthcare litigation, or if it were fairly obvious--such as whether the parties were completely diverse--my preference would be to rule on jurisdiction in the first instance and not wait for the MDL Panel's transfer decision."); MANUAL FOR COMPLEX LITIGATION (Fourth) § 20.131 (2004) (noting that transferor courts should not "automatically postpone rulings on pending motions" and that "matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer.").

that Ocwen removed this action within 30 days of being served with process.[2] Finally, the Court rejects Plaintiffs' waiver argument. The Court agrees with Ocwen that its filing a foreclosure proceeding in state court does not constitute waiver of its removal right in a *later lawsuit* about that foreclosure, such as the case at bar. Accordingly, the Court **ORDERS** that the motion to remand is **DENIED**. Because the remaining issues in this action present questions that are best left for coordinated and consolidated treatment by the transferee judge, the Court **ORDERS** that the motion to stay is **GRANTED**. This action is **ADMINISTRATIVELY CLOSED**.

　　**SO ORDERED** at Houston, Texas, this 11th day of May, 2005.

MELINDA HARMON<br>
UNITED STATES DISTRICT JUDGE

---

[2] *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

RAFAEL GARCIA and MARIA GARCIA, )
                                   )
    Plaintiffs,                  )
                                     )
v.                                       )    Case No. 2:07-cv-109
                                     )
OCWEN LOAN SERVICING, LLC,   )
AS SUCCESSOR BY MERGER WITH   )    **UNOPPOSED**
OCWEN FEDERAL BANK, FSB,      )
                                     )
    Defendant.                 )

### [PROPOSED] ORDER FOR STAY OF PROCEEDINGS
### PENDING MDL PANEL REVIEW

On this day the Court considered Defendant Ocwen Loan Servicing, LLC's Unopposed Motion to Stay Pending MDL Panel Review. After reviewing the papers submitted by the parties and considering the arguments of counsel, the Court finds that the motion is well-taken and should be GRANTED.

IT IS THEREFORE ORDERED that Defendant Ocwen Loan Servicing LLC's Unopposed Motion to Stay Pending MDL Panel Review is GRANTED.

U.S. DISTRICT JUDGE HAYDEN HEAD

11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHY BAHAM, Individually and as personal representative of the estate of Gerald Baham, deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:07-CV-0404-L |
| OCWEN LOAN SERVICING, LLC, et al., | § § | ECF |
| Defendants. | § § | |

## ORDER

Before the court is Defendant Ocwen Loan Servicing, LLC's Unopposed Motion to Stay Proceedings Pending MDL Panel Review, filed March 12, 2007. The court determines that the motion should be, and is hereby **granted**. Accordingly, this action is **stayed** pending a transfer decision by the judicial panel on Multidistrict Litigation to the Northern District of Illinois. The court's Order Requiring Attorney Conference and Status Report, issued March 6, 2007, is hereby **vacated**.

**It is so ordered** this 20th day of March, 2007.

Sam A. Lindsay
United States District Judge

Order - Solo Page

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHARLES AND DENISE GRAY          §
                                 §
VS.                              §  CIVIL ACTION NO.4:07-CV-156-Y
                                 §
OCWEN LOAN SERVICING, LLC,       §
ET AL                            §

## ORDER GRANTING MOTION TO STAY

After review of Defendants' unopposed motion to stay all proceedings in the above-styled and -numbered case pending transfer to MDL-1604, the Court GRANTS the motion. Accordingly, all proceedings are currently stayed pending the decision of MDL-1604 panel regarding the transfer and consolidation of this case. If necessary, either party may file a motion to lift the stay once MDL-1604 panel has rendered its decision.

SIGNED April 9, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANNETTE MIRANDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. SA-07-CA-0034-FB |
| | ) | |
| OCWEN FINANCIAL CORPORATION; | ) | |
| OCWEN LOAN SERVICING, LLC, as | ) | |
| Successor by Merger with Ocwen Federal | ) | |
| Bank FSB; BANK ONE, N.A. f/k/a The | ) | |
| First National Bank of Chicago, as Trustee | ) | |
| of the Amortizing Residential Collateral | ) | |
| Trust, 2001-BC5 Unknown Holders and/or | ) | |
| Owners of Residual Interest in | ) | |
| Securitization of the Amortizing | ) | |
| Residential Collateral Trust, 2001-BC5, | ) | |
| BRUCE H. NEYLAND, Substitute Trustee; | ) | |
| and BROWN & SHAPIRO, LLP., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION
REGARDING DEFENDANT'S MOTION TO STAY
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Memorandum and Recommendation Regarding Defendant's Motion to

Stay (docket no. 25) of the United States Magistrate Judge. No objections to the Memorandum and

Recommendation have been filed.[1]

Because no party has objected to the Magistrate Judge's Memorandum and Recommendation,

the Court need not conduct a de novo review. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall

make a de novo determination of those portions of the report or specified proposed findings and

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his written objections within ten days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). Service upon a party may be made by mailing a copy to the party's last known address or by electronic means. Fed. R. Civ. P. 5(b)(B), (D). Service by mail is complete upon mailing. Service by electronic means is complete upon transmission. Id.

recommendations to which objection is made."). The Court has reviewed the Memorandum and Recommendation and finds its reasoning to be neither clearly erroneous nor contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989).

IT IS THEREFORE ORDERED that the Memorandum and Recommendation Regarding Defendant's Motion to Stay (docket no. 25) of the United States Magistrate Judge is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that defendant Ocwen Loan Servicing LLC's motion to stay (docket no. 16) is GRANTED such that this case is STAYED pending a determination by the MDL Panel whether this case should be consolidated with those matters pending in MDL Docket No. 1604, In re Ocwen Fed. Bank FSB Mortgage Servicing Litig, (Northern District of Illinois cause number 1:04-cv-2714), or until further Order of this Court. Defendant Ocwen Loan Servicing, LLC is DIRECTED to file a monthly written advisory providing this Court with an update on the status of the Panel's review for the transfer request. This case remains referred to the Magistrate Judge.

It is so ORDERED.

SIGNED this 20th day of April, 2007.

FRED BIERY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

MAR 2 3 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
        DEPUTY CLERK

| | | |
|---|---|---|
| LYNETTE BROOKS, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. A-07-CA-172-LY |
| | § | |
| OCWEN LOAN SERVICING, LLC, AS | § | |
| SUCCESSOR BY MERGER WITH | § | |
| OCWEN FEDERAL BANK, FSB AND | § | |
| BROWN & SHAPIRO, LLP, | § | |
| | § | |
| DEFENDANTS. | § | |

## ORDER

Before the Court is Defendant Ocwen Loan Servicing, LLC's ("Ocwen's) Unopposed Motion to Stay Proceedings Pending MDL Panel Review filed March 20, 2007 (Clerk's Document 7). Ocwen requests that the Court stay all proceedings in this cause pending a probable transfer of this cause to the United States District Court for the Northern District of Illinois.

Defendant states that a multidistrict litigation proceeding has been established in the Northern District of Illinois to coordinate all cases involving allegedly improper loan servicing or debt collection practices by Ocwen. Further Defendants represent that they provided notice to the Judicial Panel on Multidistrict Litigation (the "MDL Panel") of the pendency of this "tag-along" action on March 12, 2007. Plaintiff is unopposed to the motion.

Having reviewed the motion to stay, this Court is of the opinion that it should be granted and all proceedings in this cause stayed until June 30, 2007, and further that on or before that date Defendants shall submit to this Court a status report regarding the tag-along status of this cause before the MDL Panel.

    **IT IS THEREFORE ORDERED** that the Defendant Ocwen Loan Servicing, LLC's

("Ocwen's) Unopposed Motion to Stay Proceedings Pending MDL Panel Review (Clerk's Document

7) is **GRANTED** and **ALL PROCEEDINGS ARE STAYED** until **June 30, 2007**.

    **IT IS FURTHER ORDERED** that Defendant submit to this Court a status report regarding

the tag-along status of this cause **on or before June 30, 2007**.

    SIGNED this **23rd** day of March, 2007.

 

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

MAR 1 6 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| STANLEY C. BEARDSLEE AND<br>PATSY BEARDSLEE,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br>AS SUCCESSOR BY MERGER WITH<br>OCWEN FEDERAL BANK, FSB,<br>U.S. BANK, N.A., AS TRUSTEE,<br>SUCCESSOR BY MERGER TO<br>FIRSTAR BANK, N.A. SUCCESSOR IN<br>INTEREST TO FIRSTAR BANK<br>MILWAUKEE, N.A., AS TRUSTEE FOR<br>SALOMON BROTHERS MORTGAGE<br>SECURITIES VII, INC. MORTGAGE<br>PASS-THROUGH CERTIFICATES<br>SERIES 1998-NC7, UNKNOWN<br>HOLDERS OR OWNERS OF THE<br>RESIDUAL INTEREST IN THE<br>BROTHERS MORTGAGE SECURITIES<br>VII, INC. MORTGAGE PASS-THROUGH<br>CERTIFICATES SERIES 1998-NC7, and<br>BAXTER & SCHWARTZ, P.C.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 5:07-cv-00137-OLG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER FOR STAY OF PROCEEDINGS
PENDING MDL PANEL REVIEW**

On this day the Court considered Defendant Ocwen Loan Servicing, LLC's Motion to

Stay Pending MDL Panel Review. After reviewing the papers submitted by the parties and

considering the arguments of counsel, the Court finds that the motion is well-taken and should be

GRANTED.

IT IS THEREFORE ORDERED that Defendant Ocwen Loan Servicing LLC's Motion to

Stay Pending MDL Panel Review is GRANTED.

Signed this _____ 16 _____ day of _____ March _____, 2007.

_____

U.S. DISTRICT JUDGE ORLANDO GARCIA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **JANE AUSTIN** | § | |
| **vs.** | § | **NO. 7:07-CV-0117-R** |
| **OCWEN LOAN SERVICING, LLC** et al. | § | |

### ORDER FOR STAY OF PROCEEDINGS
### PENDING MDL PANEL REVIEW

On this day the Court considered Defendant Ocwen Loan Servicing, LLC's Unopposed Motion to Stay Pending MDL Panel Review. After reviewing the papers submitted by the parties and considering the arguments of counsel, the Court finds that the motion is well-taken and should be GRANTED.

**IT IS THEREFORE ORDERED** that Defendant Ocwen Loan Servicing LLC's Unopposed Motion to Stay Pending MDL Panel Review is GRANTED.

**IT IS SO ORDERED**, this 14th day of August, 2007.

**ROBERT K. ROACH**
**UNITED STATES MAGISTRATE JUDGE**

Case 6:07-cv-00402-MHS   Document 8   Filed 09/14/2007   Page 1 of 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| WESTLEY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:07-cv-00402-MHS |
| | ) | |
| OCWEN LOAN SERVICING, LLC, et al. | ) | **UNOPPOSED** |
| | ) | |
| Defendants. | ) | |

**ORDER FOR STAY OF PROCEEDINGS
PENDING MDL PANEL REVIEW**

On this day the Court considered Defendant Ocwen Loan Servicing, LLC's Unopposed Motion to Stay Pending MDL Panel Review. After reviewing the papers submitted by the parties and considering the arguments of counsel, the Court finds that the motion is well-taken and should be GRANTED.

IT IS THEREFORE ORDERED that Defendant Ocwen Loan Servicing LLC's Unopposed Motion to Stay Pending MDL Panel Review is GRANTED.

**SIGNED this 14th day of September, 2007.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

1